IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

IMAGING RESOURCES GROUP, LLC                                              Plaintiff

VS                                                              Cause No. 4:05CV209

HEALTH MANAGEMENT ASSOCIATES INC,
d/b/a NORTHWEST MISSISSIPPI REGIONAL MEDICAL
CENTER and JASON MORRIS                                              Defendants

## ORDER

In preparing for the bench trial scheduled in this action for early next week, this court has noted that a settlement has been reached with regard to all claims except for plaintiff's tortious interference with contractual relations claims against Dr. Morris. The court has elected to issue an order making certain observations regarding this cause of action so that the issues at trial may be streamlined.

An action for tortious interference with contract may arise when a party maliciously interferes with a valid and enforceable contract, causing one party not to perform, and resulting in injury to the other contracting party. In order to recover for a tortious interference with contract, the plaintiff must establish: (1) that the acts were intentional and willful; (2) that they were calculated to cause damage to the plaintiffs in their lawful business; (3) that they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) that actual damage and loss resulted. *Par Indus., Inc. v. Target Container Co.*, 708 So. 2d 44 (Miss.1998). It is the fourth element which most concerns this court in this case.

1

In its prior order denying summary judgment, this court noted its inclination to conclude that former defendant Northwest Mississippi Regional Medical Center ("Northwest") had stopped just short of breaching its contract for MRI services with plaintiff, writing as follows:

> Northwest acknowledges that it has flirted very seriously with terminating the contract in this case, but it emphasizes that plaintiff is still providing exclusive MRI services at its Clarksdale hospital. The communications from defendant to plaintiff do clearly express an intent and a desire to terminate the contract, but this intent and desire appear to have been qualified by language seeking an "agreeable" settlement of the dispute. As such, one arguable reading of defendant's actions in this case is that it clearly wished to terminate the contract with plaintiff, but that it had reservations regarding its legal right to do so and accordingly sought an amicable termination pursuant to a settlement agreement.

Based upon this conclusion, this court further wrote as follows:

> At this juncture, the court's *inclination* is to conclude that a complete breach of the contract has not occurred in this case and to further conclude that the parties should each be required to perform their remaining obligations under the contract.

While this court thus strongly hinted that it would decline to award any damages for breach of contract, the court nevertheless concluded that there existed potential fact issues in this regard. The court also concluded in a separate order that plaintiff's claims against Dr. Morris were intertwined with its claims against Northwest and that summary judgment would accordingly be inappropriate as to Dr. Morris.

In concluding that fact issues existed in this regard, this court essentially gave the benefit of the doubt to the plaintiff. At the same time, the record clearly indicates that the MRI services contract between plaintiff and Northwest remains in full effect to this day, and, accordingly, the facts of this case appear to present, at most, an *attempted* (yet unsuccessful) interference on the part of Dr. Morris with the contract between plaintiff and Northwest. In its reply to Dr. Morris' summary judgment motion, plaintiff failed to rebut defendant's argument that no genuine issues

2

of fact exist with regard to the damages element of the tortious interference tort, instead presenting arguments regarding the other elements of its tortious interference claim.

The court does acknowledge that plaintiff relied in its response upon this court's earlier ruling that genuine issues of fact existed with regard to whether the contract between plaintiff and Northwest had been breached. Indeed, this was the primary factor in this court's not granting Dr. Morris' motion for summary judgment. At the same time, the court had already expressed its inclination to conclude that the contract in this case had *not* been breached, and, under these circumstances, it would certainly have been preferable for plaintiff to have actually addressed the merits of the arguments raised by Dr. Morris on the damages issue. While this court granted plaintiff the benefit of the doubt with regard to whether it might establish some contractual or quasi-contractual right to recover against Northwest, it is quite arguable that the court should have been less willing to do so with regard to plaintiff's tort claims against Dr. Morris, with whom plaintiff has no contractual relationship (and thus no accompanying duty of good faith and fair dealing). This is particularly true considering that there is a rather thin line separating legitimate competition to gain the business enjoyed by another from tortious interference with contractual relations. Under these circumstances, it is arguable that this court should have been more willing to grant Dr. Morris' motion for summary judgment than that filed by Northwest. At the same time, this court was (and is) cognizant of the fact that plaintiff had a right to rely on its prior ruling that fact issues existed on the breach of contract issue, even though that ruling was made in a differing legal context.

At any rate, based upon a review of the parties' submissions to date, it seems quite doubtful that this court will award plaintiff any damages whatsoever with regard to its tortious

interference action against Dr. Morris. While it is certainly possible that plaintiff has developed additional proof on the damages issue of which this court is unaware, the proof on this issue now appears to be lacking. The court deems it fair to notify the parties of this fact so that they may determine whether to actually bring this matter to trial. If necessary, the court will grant plaintiff an opportunity to attempt to establish its tortious interference claims against Dr. Morris at trial, but the court concludes that, in the interests of judicial economy, the testimony at trial should be arranged in such a manner that the issue of damages is considered first. In the event that the court concludes (as now seems likely) that proof regarding the damages element of the tortious interference claim is lacking, then the court can simply grant a directed verdict in favor of defendant without requiring unnecessary testimony or arguments on other elements of plaintiff's claim.

It is therefore ordered that the proof at trial shall be presented in such a matter as to first consider the issue of whether plaintiff has sustained any damages prior to considering the remaining elements of the plaintiff's claims against Dr. Morris.

SO ORDERED this the 28th day of November, 2006.

                                           **/s/ Michael P. Mills**
                                           **UNITED STATES DISTRICT JUDGE**